937 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sally Marie BAKER, Plaintiff-Appellant,
v.
LOPATIN, MILLER, FREEDMAN, BLUESTONE, ERLICH, ROSEN AND
BARTNICK, ATTORNEYS AT LAW, P.C., Defendant-Appellee.
 No. 91-1173.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1991.
 
 1
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Sally Marie Baker, a pro se Michigan resident, appeals the district court's dismissal of her civil rights complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1986, Baker sued the defendant law firm in Michigan state court alleging that it committed legal malpractice in connection with a medical malpractice action the firm was pursuing on her behalf. The state trial court dismissed the action as time-barred by the applicable statute of limitations, finding that Baker's claims arose in 1972. The dismissal was ultimately affirmed on appeal by the Michigan Supreme Court.
 
 
 4
 Thereafter, Baker filed this lawsuit attempting to relitigate the issue by alleging that she was denied due process in the Michigan state courts. The defendant filed an answer and Baker filed a response to the answer. The district court dismissed the complaint for lack of subject matter jurisdiction, finding that the complaint did not state a basis for federal jurisdiction. Specifically, the court found no diversity jurisdiction because all the parties were Michigan citizens. The court also ruled that the complaint failed to present a federal question because defendant was not a state actor, and therefore could not be liable under the fourteenth amendment for a denial of Baker's constitutional rights.
 
 
 5
 On appeal, Baker reasserts her claims of legal malpractice, requests the appointment of counsel, and additionally argues that there was state action, but that she forgot to name the State of Michigan as a defendant because of her illness.
 
 
 6
 Upon review, we affirm the district court's dismissal for the reasons stated in the court's opinion dated November 30, 1990. Baker has not set forth a cognizable claim under the civil rights statutes because the defendant law firm did not act under color of state law when it represented Baker in the state malpractice action. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-39 (1982); cf. Polk County v. Dodson, 454 U.S. 312, 321 (1981). Moreover, the complaint would still be subject to dismissal even had the State of Michigan been named as a defendant because the suit would be barred by eleventh amendment sovereign immunity. See Abick v. State of Michigan, 803 F.2d 874, 876-77 (6th Cir.1986).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation